# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILLIAM C. FRENCH, JR. ) | CASE NO. 07-11019(1)(13) |
| SHARON KAYE FRENCH ) | |
| ) | |
| Debtor(s) ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Objection of eCAST Settlement Corporation, Assignee of FIA Card Services a/k/a Bank of America, GE MoneyBank/Dillard's and Lowe's Consumer ("eCAST") to Confirmation of the Amended Chapter 13 Plan of Debtors Sharon Kaye French and William C. French, Jr. ("Debtors"). Debtors did not file a written response to the Objection. The Court considered the written Objection of eCAST, comments of counsel at the hearing held on the matter and the Court's own research. For the following reasons, the Court will hold the Objection in abeyance and schedule the matter for an evidentiary hearing by separate Order.

## FACTS

On September 5, 2007, Debtors filed their Chapter 13 Voluntary Petition.

On October 16, 2007, eCAST filed an Objection to Confirmation of Debtors' Chapter 13 Plan.

On December 4, 2007, Debtors filed their Amended Petition and an Amended Plan.

On December 7, 2007, Debtors filed Amended Schedules I and J to the Amended Petition.

On December 12, 2007, eCAST filed an Objection to Confirmation of the Amended Chapter 13 Plan.

eCAST holds unsecured claims against the Debtors representing approximately 26% of the Debtors' scheduled unsecured nonpriority debt.

Debtors Amended Schedules indicate Debtors have monthly gross income of $8,772.24 and monthly net income of $6,633.38. eCAST acknowledges that these figures include a $115 per month disability payment from Social Security which must be excluded from Debtors' projected disposable income.

Amended Schedule J shows Debtors' monthly living expenses of $5,827.13, excluding their monthly Plan payment of $980.64, which Debtors had included on Schedule J. Excluding the $980.64 Plan payment, Amended Schedule J shows a monthly deficit of $144.39.

Debtors' Amended Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form B22C") shows monthly disposable income of $834.19. Debtors annualized current monthly income is above the applicable state median figure requiring the applicable commitment period to be 60 months.

Debtors' Amended Chapter 13 Plan proposes monthly Plan payments of $980.64 for 60 months for an approximate distribution of 15% to general unsecured creditors. The Amended Plan proposes to pay $2,500 in attorneys' fees, $18,271 in secured debt and $32,184 to general unsecured creditors.

## **LEGAL ANALYSIS**

eCAST objects to confirmation of Debtors' Amended Chapter 13 Plan on several grounds. eCAST's primary objection is that Debtors improperly computed their projected disposable income. eCAST contends that "projected disposable income" as used in 11 U.S.C. 1325(b)(1)(B) is a forward

looking concept based on reality rather than upon the historical six month average as used in determining "current monthly income" per 11 U.S.C. §101(10A).

The meaning of the term "projected disposable income" has been the subject of many recent cases. Two lines of cases analyzing the term have developed from these decisions. The first follows In re Hardacre, 338 B.R. 718, 722-23 (Bankr. N.D. Tex. 2006), which concludes that "projected disposable income" is different from "disposable income" as defined in 11 U.S.C. §1325(b)(2). These cases hold that the amount shown in Form B22C as "disposable income" is simply the starting point for determining projected disposable income. These cases acknowledge a sliding scale which takes into consideration changes in a debtor's circumstances. See, e.g., In re Jass, 340 B.R. 411 (Bankr. D. Utah 2006) (the number resulting from Form B22C is debtor's projected disposable income, unless the debtor can show a change in circumstances that demonstrates these numbers are not a fair projection of the debtor's budget in the future.); In re Slusher, 359 B.R. 290 (Bankr. D. Nev. 2007) (Form B22C is the starting point of the investigation that includes examination of Schedules I and J) and In re Kibbe, 361 B.R. 302 (B.A.P. 1st Cir. 2007) ("projected disposable income" is anticipated actual income of debtor).

The second line of cases uses an inflexible approach where "projected disposable income" means the same as "disposable income" based on the historical data of the debtor's earnings. See, e.g., In re Kolb, 366 B.R. 802 (Bankr. S.D. Ohio 2007) ("projected disposable income" and "disposable income" are not separate concepts with independent meanings); In re Guzman, 345 B.R. 646 (Bankr. E.D. Wis. 2006) (BAPCPA deprived Court of all discretion on expenses of above-median-income debtors. If Form B22C contains enough deductions, the debtor may have plan

confirmed that pays nothing to unsecured creditors even though Schedule I shows excess funds are available).

This Court addressed the meaning of the term "projected disposable income" in In re Risher, 344 B.R. 833 (Bankr. W.D. Ky. 2006) in the context of determining whether income tax refunds were considered disposable income to be devoted to a Chapter 13 Plan. In that case, this Court concluded that projected disposable income is a forward looking concept requiring the Court to consider both future and historical finances of the Debtor. There, we stated:

> The numbers resulting from the calculation on Form B22C represent a starting point for the Court's inquiry. It represents a floor, not a ceiling. Such a construction gives the Court the ability to evaluate the debtor's past and current financial status to determine a debtor's disposable income when a debtor's circumstances change from the six months preceding the filing of the Petition. In re Grady, 343 B.R. 747, 750-51 (Bankr. N.D. Ga. 2006). It also is consistent with the Chapter 13 practice of allowing for modification of a Plan upon a change of financial circumstances of a debtor.

Id., 344 at 837. This view gives meaning to the word "projected" which modifies the term "disposable income" in §1325(b)(1)(B).

The Court is not persuaded to change its view as set forth in Risher. Recently, the Bankruptcy Court for the Western District of Pennsylvania addressed this issue in a well reasoned opinion, In re May, 381 B.R. 498 (Bankr. W.D. Pa. 2008). In that case, the Court held that disposable income as reflected in Form B22C is the starting point of the analysis. Either the debtor, creditors or trustee may show that the numbers reflected are inaccurate and request the court to deviate. In other words, Form B22C sets up a presumption that may be rebutted by the objecting party and the projected disposable income may be adjusted by the court accordingly. This analysis

best furthers the goal of Chapter 13 and provides a working format that deals with the inevitable changes that occur to a debtor's financial fortunes.

In the case at bar, eCAST contends that Debtors' projected disposable income is the gross income figure of $8,657.75 as reflected on Amended Schedule I. This figure differs slightly from the CMI on Form B22C of $8,583.84[1]. eCAST contends the difference is due to a change in Debtors' circumstances at the time the Petition was filed. eCAST agrees with Debtors' use of the means test and Form B22C to determine expenses, but contends Debtors improperly calculated several items on the Form.

The Court agrees with eCAST that Schedule I accurately reflects what Debtors will have available to fund the Chapter 13 Plan in the future. Debtors did not submit contrary evidence at the hearing on eCAST's Objection. Instead, counsel for both eCAST and Debtors wanted the case submitted on the written record. In hindsight, the Court finds that an evidentiary hearing at which the Debtors have an opportunity to testify about their income and expenses per their filings and eCAST has an opportunity to examine the Debtors on these issues will aid the Court in its decision. Both parties should be prepared to address the matters raised in this Memorandum-Opinion at that scheduled hearing.

The Court must then determine the Debtors' necessary expenses. eCAST would have the Court completely ignore Schedule J and use only Form B22C. It further contends that Debtors made two mistakes in calculating the expenses. The first is at Line 28 where Debtors deducted $332 as transportation expenses related to a car that Debtors own outright. The Court favors the line of cases that follow eCAST's argument that where there are no actual ownership or lease payments for a car,

---

[1] Both figures include a deduction for the $115.00 social security disability payment.

no allowance expense can be deducted. See In re Howell, 366 B.R. 153 (Bankr. D. Kan. 2007) and In re Slusher, 359 B.R. 290 (Bankr. D. Nev. 2007). However, there is no evidence in the record as to what the $332 figure represents. The Court will allow Debtors to address this issue at the evidentiary hearing. However, it is noted that no lease or ownership payment expense will be allowed if the Debtors own the vehicle outright.

Second, eCAST contends Debtors deducted $150.90 on Line 28 which represents the unused portion of the Local Standard of $471. In other words, Debtors deducted $320.10 as their ownership expense or monthly car payment on their first vehicle as reflected on Line 47(b). eCAST contends the $150.90 on Line 28 is the remainder of the unused allotted $471 of the Local Standard. eCAST contends that Debtors may only deduct actual expenses or the amount of the allowance, whichever is less. The Court is inclined to only allow the Debtors' actual and reasonable expenses.

eCAST's analysis is based on the Internal Revenue Manual, Section 5.15.1.7 on Allowable Expenses. The IRS' standards are incorporated in the Bankruptcy Code at 11 U.S.C. §707. It is logical that Courts look to the IRS' own interpretation of those standards for guidance. See, e.g., In re Slusher, 359 B.R. 290, 309 (Bankr. D. Nev. 2007); In re Lenton, 358 B.R. 651, 657 (Bankr. E.D. Pa. 2006); and In re Talmadge, 371 B.R. 96, 98 (Bankr. N.D. Pa. 2007); and In re Rezentes, 368 B.R. 55 (Bankr. D. Hi. 2007). Accordingly, this Court adopts the IRS' interpretation of its own standards and will allow the Debtors to deduct their actual expenses or the amount allowed by the standards, whichever is less. Debtors may address this expense at the evidentiary hearing.

Finally, eCAST contends Debtors are not committing all of their projected disposable income to general unsecured creditors for the applicable commitment period as required by 11 U.S.C. §1325(b)(1)(B). The Court's record is insufficient to determine this figure. The Court notes,

however, that eCAST's formulation is rigid, inflexible and not in accordance with the practicalities of Chapter 13 practice. Once a Chapter 13 Plan is confirmed at a set percentage, if the Plan is not completed, the Debtor will not receive a discharge. However, the bar date follows the date of confirmation. For this reason, Debtors in this District are permitted to amend their Plans to conform to claims filed. Creditors are given an opportunity to object and a hearing is held on those objections. Inevitably, debtors circumstances change and their income may increase or decrease during the life of the Plan. Under eCAST's analysis, no Chapter 13 case could ever be confirmed as there would be no allowance for necessary Trustee's fees and attorneys' fees. The Court cannot determine whether Debtors have committed all of their projected disposable income to the Plan. The evidentiary hearing is necessary for both Debtors and eCAST to set forth sufficient evidence in support of their respective positions on confirmation of Debtors' Amended Chapter 13 Plan.

## **CONCLUSION**

For all of the above reasons, the Objection of eCAST Settlement Corporation, Assignee of FIA Card Services a/k/a Bank of America, GE MoneyBank/Dillard's and Lowe's Consumer to Confirmation of Amended Chapter 13 Plan of Debtors Sharon Kaye French and William C. French, Jr. is held in abeyance pending an evidentiary hearing on Confirmation of Debtors' Amended Chapter 13 Plan.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM C. FRENCH, JR. | ) | CASE NO. 07-11019(1)(13) |
| SHARON KAYE FRENCH | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of eCAST Settlement Corporation, Assignee of FIA Card Services a/k/a Bank of America, GE MoneyBank/Dillard's and Lowe's Consumer to Confirmation of the Amended Chapter 13 Plan of Debtors Sharon Kaye French and William C. French, Jr. is held in abeyance pending an evidentiary hearing to be scheduled by separate Order.